IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARA CARTER and,<br>GEORGIACARRY.ORG, INC., <br><br>    Plaintiffs,<br><br>v.<br><br><br>BRIAN KEMP, individually and<br>In his official capacity as Governor of<br>The State of Georgia<br>And<br>PINKIE TOOMER, individually and<br>In her official capacity as Judge of<br>The Probate Court of Fulton County,<br>Georgia,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>_____ |

**COMPLAINT**

**I. INTRODUCTION**

1. This action under 42 U.S.C. § 1983 seeks damages and injunctive relief for deprivation of Plaintiffs' due process rights and Second Amendment rights and for related state law claims.

**II. JURISDICTION & VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 for the federal question claims and under 28 U.S.C. § 1367 for the closely related

state law claims.

3. Venue is proper because Plaintiffs and Defendants reside in this District and in this Division. 28 U.S.C. § 1402(a)(1); 28 U.S.C. § 1391(3)(1)(C).

### III. PARTIES

4. Plaintiff Sara Carter ("Carter") is a natural person who is a resident and citizen of, Fulton County, Georgia and of the United States.

5. Plaintiff GeorgiaCarry.Org, Inc. ("GCO") is a non-profit corporation organized under the laws of the State of Georgia.

6. The mission of GCO is to foster the rights of its members to keep and bear arms.

7. Defendant Brian Kemp ("Kemp") is the Governor of the State of Georgia.

8. Kemp is the chief executive officer of the State of Georgia. Georgia Const. Art. 5, § 2, ¶ 1.

9. Kemp is the conservator of peace throughout the state and obligated to take care that the laws are faithfully executed. Georgia Const. Art. 5, § 2, ¶ 2.

10. Pursuant to guidance from the Supreme Court of Georgia in *Lathrop v. Deal,* Kemp is sued in his individual capacity for declaratory and injunctive relief for state law claims.

11. Kemp is sued in his individual capacity for damages for federal law claims and in his official capacity for declaratory and injunctive relief for federal law claims.

12. Defendant Pinkie Toomer ("Toomer") is the Judge of the Fulton County Probate Court.

13. Toomer is responsible for the issuance of GWLs in Fulton County, Georgia, pursuant to O.C.G.A § 16-11-129.

14. For the purposes of this Complaint, Kemp and Toomer were at all times acting under color of state law.

15. Pursuant to guidance from the Supreme Court of Georgia in *Lathrop v. Deal,* Toomer is sued in her individual capacity for declaratory and injunctive relief for state law claims.

16. Toomer is sued in her individual capacity for damages for federal law claims.

17. Toomer is sued in her official capacity for declaratory and injunctive relief for federal law claims.

18. Toomer is sued in mandamus pursuant to O.C.G.A. § 16-11-129(j) in her official capacity as Judge of the Probate Court of Fulton County.

### III. FACTUAL BASIS

19. On March 14, 2020, Kemp declared a public health state of emergency in Georgia on account of a COVID-19 pandemic.

20. The same day, Chief Justice Harold Melton of the Supreme Court of Georgia ("Melton") declared a state of judicial emergency for the State of Georgia.

21. Melton's declaration directed the courts of Georgia to maintain essential functions during the emergency.

22. The probate judges of Georgia generally, and Toomer in particular, have concluded that issuing GWLs is not an essential function.

23. Toomer has posted on her web site, https://www.fultoncountyga.gov/inside-fulton-county/fulton-county-departments/probate-court, that applications for GWLs will not be accepted until further notice.

24. During the emergency, Toomer has refused to accept or process applications for GWLs.

25. O.C.G.A. § 16-11-126 makes it a misdemeanor to carry a weapon outside one's home, automobile, or place of business without a GWL.

26. O.C.G.A. § 16-11-125.1 includes handguns in the definition of a weapon.

27. The Supreme Court of the United States determined in *District of Columbia v. Heller* ("*Heller*") that the handgun is the quintessential weapon for self-defense in the United States.

28. The Supreme Court also determined in *Heller* that the Second Amendment guarantees an enumerated, fundamental, individual right to keep and carry arms in case of confrontation.

29. The Supreme Court of Georgia determined in *Nunn v. State* that any law that purports to ban the open carry of firearms is unconstitutional and void.

30. The Supreme Court of Georgia determined in *Ferguson v. Perry* that the right to keep and bear arms is a civil right.

31. O.C.G.A. § 16-11-129 directs the various probate judges to issue GWLs to eligible applicants.

32. Carter meets all the qualifications for a GWL and is entitled to one upon payment of the applicable fee.

33. Carter desires to exercise her right to keep and carry a handgun in case of confrontation.

34. Carter desires to comply with the law and obtain a GWL, but she is unable to do so because Toomer will not accept or process an application.

35. Carter is in fear of arrest and prosecution if she carries a handgun outside her home, motor vehicle, or place of business without a GWL.

36. GCO has other members that would like to obtain GWLs but are unable to do so because Toomer and other probate judges will not accept or process applications.

37. The State of Georgia routinely enforces O.C.G.A. § 16-11-126.

38. On March 19, 2020, GCO wrote Kemp a letter, asking him to use his emergency powers to suspend enforcement of O.C.G.A. § 16-11-126.

39. As of the filing of this Complaint, Kemp has failed to do so.

**Count 1 – Violations of Due Process**

40. The 14th Amendment of the Constitution of the United States prohibits denying a citizen the due process of law.

41. 42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional right under color of state law.

42. Art.1, § 1, ¶ 1 of the Georgia Constitution prohibits denying a citizen the due process of law.

43. By requiring a GWL in order to exercise a fundamental constitutional right, but making it a sheer impossibility to obtain a GWL, Kemp and Toomer are violating Carter's right to due process and 42 U.S.C. § 1983 and the Georgia Constitution.

**Count 2 – Violations of Right to Keep and Bear Arms**

44. The Second Amendment of the United States Constitution and Article I, Sec. I, Par. VIII of the Georgia Constitution guarantee a right to keep and bear arms.

45. 42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional right under color of state law.

46. By effectively preventing Carter from carrying a handgun outside her home, motor vehicle, or place of business, either openly or concealed, Kemp and

Toomer are violating 42 U.S.C. § 1983 and the Constitution of the State of Georgia.

**Count 3 – Violation of O.C.G.A. § 16-11-129**

47. By refusing to accept or process GWL applications, Toomer is violating O.C.G.A. § 16-11-129.

**PRAYER FOR RELIEF**

Plaintiff demands the following relief:

48. A writ of mandamus under O.C.G.A. § 16-11-129 ordering Toomer in her official capacity to accept and process Carter's application for a GWL and to issue Carter a GWL within the time required by law.

49. A declaration against Toomer in her individual capacity that she may not refuse to accept and process GWL applications as required by O.C.G.A. § 16-11-129.

50. Costs and attorney's fees against Toomer in her official capacity pursuant to O.C.G.A. § 16-11-129(j).

51. A declaration against Kemp in his individual capacity that the enforcement of O.C.G.A. § 16-11-126 is unconstitutional as applied to him because it violates the right to due process and the right to keep and bear arms if it is not reasonably possible to obtain a GWL.

52. An injunction against Kemp in his individual capacity, prohibiting enforcement of O.C.G.A. § 16-11-126 if it is not reasonably possible to obtain a GWL.

53. Costs and attorney's fees against Toomer and Kemp in their individual capacities pursuant to 42 U.S.C. § 1988.

54. Any other relief the court deems proper.

        /s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
Attorney for Plaintiff
156 Robert Jones Road
Dawsonville, GA  30534
678-362-7650
jrm@johnmonroelaw.com
State Bar No. 516193