IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SARA CARTER, ET.AL., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | 1:20-CV-01517-SCJ |
| | ) | |
| | ) | |
| BRIAN KEMP, ET.AL., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR TRO OR PRELIMINARY INJUNCTION**

Plaintiffs commenced this action against Defendants for violations of Plaintiffs' Due Process and Second Amendment rights. Plaintiffs now move for a Temporary Restraining Order or Preliminary Injunction. In particular, Plaintiffs seek an order enjoining enforcement of O.C.G.A. § 16-11-126 during the pendency of this case, or at least until the current state of emergency has abated.

As grounds for this Motion, Plaintiffs show that Georgia law prohibits carrying a weapon without a Georgia weapons carry license ("GWL") outside one's home, motor vehicle of place of business. O.C.G.A. § 16-11-126. Violations of that Code section are misdemeanors punishable by up to a $1,000 fine and 12 months

–1–

incarceration. GWLs are issued by each county probate judge, including Defendant Pinkie Toomer ("Toomer"). O.C.G.A. § 16-11-129. Defendant Brian Kemp ("Kemp") has declared a state of emergency for the State of Georgia on account of the current COVID-19 plague. In addition, Georgia Supreme Court Chief Justice has declared a state of judicial emergency during the plague. Toomer has suspended receiving and processing GWL applications during the emergency.

The Supreme Court of the United States has ruled that the Second Amendment guarantees an individual, fundamental right to keep and bear arms, and that the handgun is the quintessential arm for self-defense in America. *District of Columbia v. Heller,* 554 U.S. 570 (2008). Georgia law includes handguns in the definition of a "weapon." O.C.G.A. § 16-11-125.1. Because Georgia law requires a GWL to carry a handgun, and Toomer refuses to issue a GWL, Plaintiff Sara Carter ("Carter") and other members of GeorgiaCarry.Org, Inc. ("GCO") have no meaningful way to carry handguns for self-defense, in violation of the Second Amendment.

Likelihood of Success on the Merits

Plaintiffs demonstrated above that the current situation has created a direct violation of the Second Amendment for Plaintiffs. They are completely precluded from exercising in any meaningful way their Second Amendment rights in this time

of turmoil and potential civil unrest. They are highly likely to succeed on the merits. In cases of fundamental constitutional rights such as the Second Amendment, likelihood of success on the merits often subsumes all other criteria for temporary relief.

Irreparable Harm

Deprivation of fundamental constitutional rights causes per se irreparable harm. Plaintiffs are being deprived of the ability to exercise a fundamental constitutional right and they cannot meaningfully be compensated for that deprivation.

Harm to Defendants if Relief is Granted

The relief sought is not drastic. More than 30 states do not require a license to carry a handgun openly. Moreover, only law abiding citizens could lawfully exercise the right to carry a handgun. Those prohibited by state or federal law from even possessing firearms (e.g., convicted felons and domestic violence misdemeanants) still could not carry a handgun. In addition, existing laws prohibiting using firearms for unlawful purposes (murder, rape, robbery, assault) would still be in place and still would be enforceable. Plaintiffs seek only the ability for law-abiding citizens to be able to carry weapons. Finally, Defendants cannot

seriously argue that they have any interest in violating Plaintiffs' Second Amendment rights.

Public Interest

The public has a strong interest in seeing the Constitution enforced as the supreme law of the land. The public does not have an interest in violating the Second Amendment.

**Conclusion**

For the reasons stated above, Plaintiffs move for a TRO or preliminary injunction against enforcement of O.C.G.A. § 16-11-126 against law-abiding citizens (i.e., those not prohibited from possessing firearms) during the pendency of the current state of emergency.

/s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
Attorney for Plaintiff
156 Robert Jones Road
Dawsonville, GA  30534
678-362-7650
jrm@johnmonroelaw.com
State Bar No. 516193

**RULE 7.1 CERTIFICATE**

I certify that this brief was prepared with one of the font and point selections approved in Rule 5.1(B).

–4–

      /s/ John R. Monroe
John R. Monroe