IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARA CARTER, ET.AL., ) | |
| ) | |
|    Plaintiffs, ) | CIVIL ACTION FILE NO. |
| ) | |
| v. ) | 1:20-CV-01517-SCJ |
| ) | |
| ) | |
| BRIAN KEMP, ET.AL., ) | |
| ) | |
|    Defendants. ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR TRO OR PRELIMINARY INJUNCTION**

Plaintiffs commenced this action against Defendants for violations of Plaintiffs' Due Process and Second Amendment rights. Plaintiffs now move for a Temporary Restraining Order or Preliminary Injunction. In particular, Plaintiffs seek an order enjoining enforcement of O.C.G.A. § 16-11-126 (prohibiting carrying a weapon without a license) during the pendency of this case, or at least until the current state of emergency has abated.

Georgia weapons carry licenses ("GWLs") are issued by each county probate judge, including Defendant Pinkie Toomer ("Toomer"). O.C.G.A. § 16-11-129.

Toomer and other probate judges have suspended accepting applications for GWLs, thus making it no longer possible to obtain the license required.

Factual Background

On March 4, 2020, Defendant Brian Kemp, Governor of the State of Georgia, ("Kemp") declared a state of public health emergency for the State.  Declaration of Public Health Emergency.  On the same day, Chief Justice Harold Melton ("Melton") of the Supreme Court of Georgia declared a state of judicial emergency for the entire state.  Declaration of Judicial Emergency.  The Declaration of Judicial Emergency directs courts to maintain "essential functions," and extends deadlines and expirations.

On March 17, 2020, the state Council of Probate Judges, in response to the Declaration of Judicial Emergency, sent an information sheet to the 159 probate judges in Georgia.  Information Sheet.  The Information Sheet states, "Probate Courts[1] will temporarily suspend acceptance of applications for Weapons Carry Licenses and Renewal Weapons Carry Licenses pursuant to an Order of the Supreme

---

[1] Pursuant to O.C.G.A. § 16-11-129, GWLs are issued by probate judges, not probate courts.

−2−

Court of Georgia declaring a Judicial Emergency."[2] It should be noted that there is no authority for the Chief Justice, the Probate Judges Council, or an individual probate judge to suspend processing GWL application. Georgia law explicitly forbids such suspension. O.C.G.A. § 16-11-129(d)(4) ("The judge of the probate court shall not suspend the processing of the application or extend, delay, or avoid any time requirements provided for under this paragraph.")

Toomer has posted on her web site, "Therefore, the Probate Court will not be accepting Applications for Weapons Carry Licenses until further notice." https://www.fultoncountyga.gov/inside-fulton-county/fulton-county-departments/probate-court.

Kemp extended the public health emergency and Melton extended the judicial emergency, so that both are currently set to expire on May 13, 2020. Extensions of Emergencies.

On March 19, 2020, Plaintiffs' counsel had hand delivered to Kemp a letter requesting Kemp to use his emergency powers under Georgia law to suspend

---

[2] As shown in the Declaration of Judicial Emergency, the Declaration is from Chief Justice Melton and is not an "Order of the Supreme Court of Georgia." Even if it were, Georgia does not have a unified court system and the Supreme Court does not have general superintending authority over the inferior courts.

enforcement of O.C.G.A. § 16-11-126.  Letter to Kemp.  As of the writing of this Supplemental Brief, Kemp has not responded to the letter.

On March 27, 2020, Plaintiffs' counsel faxed and mailed a letter to Melton, asking Melton to join in the request to Kemp.  Letter to Melton. On April 9, 2020, Melton responded, saying he did not have authority to suspend statutes (and not expressly responding to the request to contact Kemp).  Letter from Melton.

**<u>Argument</u>**

Georgia law prohibits carrying a weapon without a Georgia weapons carry license ("GWL") outside one's home, motor vehicle of place of business.  O.C.G.A. § 16-11-126.  Violations of that Code section are misdemeanors punishable by up to a $1,000 fine and 12 months incarceration.  Georgia law includes handguns in the definition of a "weapon."  O.C.G.A. § 16-11-125.1.  Contrary to a widespread misconception, Georgia does not permit handguns to be carried openly without a license.  In fact, Georgia no longer even prohibits carrying concealed weapons.  Thus, a GWL is required to carry a weapon at all, and the carrier with a GWL can choose to carry weapons openly or concealed.

The Supreme Court of the United States has ruled that the Second Amendment guarantees an indcividual, fundamental right to keep and bear arms, and that the

handgun is the quintessential arm for self-defense in America. *District of Columbia v. Heller,* 554 U.S. 570 (2008). The Court ruled that "bear" means "carry" and that law-abiding citizens have a fundamental right to keep and carry arms in case of confrontation. *Id.* The Court also ruled that the Second Amendment applies to the states. *McDonald v. City of Chicago,* 561 U.S. 742 (2010).

In *Caetano v. Massachusetts,* 136 S.Ct. 1027, 194 L.Ed.2d 99 (2016), the Court reversed the conviction of a homeless person for carrying "stun gun" in public, thus extinguishing any claims that the Second Amendment does not apply outside the home.

Because Georgia law requires a GWL to carry a handgun, and Toomer refuses to issue a GWL, Plaintiff Sara Carter ("Carter") and other members of GeorgiaCarry.Org, Inc. ("GCO") have no meaningful way to carry handguns for self-defense, in violation of the Second Amendment.

The Supreme Court of Georgia has ruled that any law that contains a prohibition against bearing arms openly "is in conflict with the Constitution, and *void.*" *Nunn v. Georgia,* 1 Ga. 243 (1846) (emphasis in original). Under the present circumstances, Georgia law both prohibits carrying arms openly without a license

and makes it impossible to obtain a license. Thus, Georgia is presently banning carrying handguns openly.

In more recent times, the Georgia Supreme Court has declared the right to keep and bear arms is a civil right as well. *Ferguson v. Perry,* 292 Ga. 666, 740 S.E.2d 598 (2013).

Standard for Obtaining an Injunction or Temporary Restraining Order

In order to obtain an injunction, the plaintiff must show 1) it has a substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the other party; and 4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore,* 234 F.3d 1163 (11th Cir. 2000). Irreparable harm is the *sine qua non* of injunctive relief. *Id.*

Likelihood of Success on the Merits

Plaintiffs demonstrated above that the current situation has created a direct violation of the Second Amendment for Plaintiffs. They are completely precluded from exercising in any meaningful way their Second Amendment rights in this time of turmoil and potential civil unrest. They are highly likely to succeed on the merits. In cases of fundamental constitutional rights such as the Second Amendment,

likelihood of success on the merits often subsumes all other criteria for temporary relief.

Irreparable Harm

Deprivation of fundamental constitutional rights causes per se irreparable harm. *Brenner v. Scott,* 999 F.Supp.2d 1278, 1291 (N.D. Fla. 2014) ("[T]he ongoing unconstitutional denial of a fundamental right almost always constitutes irreparable harm.")  Plaintiffs are being deprived of the ability to exercise a fundamental constitutional right and they cannot meaningfully be compensated for that deprivation.

Harm to Defendants if Relief is Granted.

The relief sought is not drastic.  Thirty states do not require a license to carry a handgun openly.  https://opencarry.org/maps/map-open-carry-of-a-properly-holstered-loaded-handgun/.  Moreover, only law-abiding citizens could lawfully exercise the right to carry a handgun even if no permit were required.  Those prohibited by state or federal law from even possessing firearms (e.g., convicted felons and domestic violence misdemeanants) still could not carry a handgun.  In addition, existing laws prohibiting using firearms for unlawful purposes (murder, rape, robbery, assault) still would be in place and still would be enforceable.  Plaintiffs seek only the ability

for law-abiding citizens to be able to carry weapons. Georgia law already prohibits law enforcement officers from detaining a person for the purpose of seeing if he or she has a GWL. Finally, Defendants cannot seriously argue that they have any interest in violating Plaintiffs' Second Amendment rights.

Public Interest

The public has a strong interest in seeing the Constitution enforced as the supreme law of the land. The public does not have an interest in violating the Second Amendment. *Brenner,* 999 F.Supp.2d at 1291-1292 ("Vindicating constitutional rights almost always serves the public interest.")

**Conclusion**

For the reasons stated above, Plaintiffs move for a TRO or preliminary injunction against enforcement of O.C.G.A. § 16-11-126 against law-abiding citizens (i.e., those not prohibited from possessing firearms) during the pendency of the current state of emergency.

/s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
Attorney for Plaintiff
156 Robert Jones Road
Dawsonville, GA  30534
678-362-7650
jrm@johnmonroelaw.com

State Bar No. 516193

## **RULE 7.1 CERTIFICATE**

I certify that this brief was prepared with one of the font and point selections approved in Rule 5.1(B).

      /s/ John R. Monroe
John R. Monroe