# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SARA CARTER, ET.AL., | ) |
| | ) |
| Plaintiffs, | )   CIVIL ACTION FILE NO. |
| | ) |
| v. | )   1:20-CV-01517-SCJ |
| | ) |
| | ) |
| BRIAN KEMP, ET.AL., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR TRO OR PRELIMINARY INJUNCTION

Plaintiffs supplement their briefs [Docs. 3-1, 12] in support of their Motion for a temporary restraining order or preliminary injunction to show that, even if Defendants are not violating Plaintiff's Second Amendment rights, Defendants are violating Plaintiffs' Due Process rights.

As noted in the earlier briefs, Georgia law requires a license ("GWL") to carry a weapon, but it is currently impossible to obtain one. Courts have repeatedly ruled that a government violates due process if it requires certain actions but such actions are impossible to perform.

In *Keith v. Sioux Nation Shopping Center,* 634 F.2d 401 (8th Cir. 1980), federal law required a license to trade on an Indian reservation.  The district court found that "bureaucratic nonfeasance makes it impossible to obtain the … license."  The court ruled "it would be unfair to fine [people] for not obtaining a license that was impossible to obtain."  The 8th Circuit agreed and affirmed.  In the present case, Plaintiffs' inability to obtain a GWL could be described as "bureaucratic nonfeasance," in that Defendant Toomer will not accept and process applications for GWLs.  She in turn claims "bureaucratic nonfeasance" on the part of the law enforcement agencies in Fulton County on which she depends for background checks of GWL applicants.  Regardless of the source(s) of the nonfeasance, the State of Georgia cannot lawfully require a GWL to carry a weapon when it is impossible to obtain such a license.

If Defendant Kemp argues that the Second Amendment is not violated by effectively banning carrying a weapon, due process is still violated.  The Supreme Court of Washington considered this issue in *Derby Club, Inc. v. Becket,* 252 P.2d 259, 41 Wn.2d 869 (1953).  The issue in *Derby Club* was the licensing of "bottle clubs," which were clubs organized for the purpose of keeping or consuming liquor.

The Washington legislature passed a law requiring a license to operate a bottle club, but neglected to include a provision for obtaining a license. The Court ruled this arrangement violated due process:

> The legislature may prohibit the operation of bottle clubs entirely or may regulate their operation in such a manner as it sees fit but it may not require, as a condition precedent to their lawful operation, the issuance … of a license which is nonexistent and unobtainable. The attempt to do so … violates the due process clauses of the state and Federal constitution.

41 Wn.2d 880. *See also Doe v. Snyder,* 101 F.Supp.3d 722, 724 (E.D. Mich. 2015) ("Holding an individual criminally liable for failing to comply with a duty imposed by statute, with which it is legally impossible to comply, deprives that person of his due process rights.")

Because bureaucratic nonfeasance is making it impossible for Plaintiffs to obtain a GWL, it is unconstitutional for the State to require a GWL in order to carry a weapon.

## **Conclusion**

For the reasons stated above, Plaintiffs move for a TRO or preliminary injunction against enforcement of O.C.G.A. § 16-11-126 against law-abiding

citizens (i.e., those not prohibited from possessing firearms) during the pendency of the current state of emergency.

/s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
Attorney for Plaintiff
156 Robert Jones Road
Dawsonville, GA  30534
678-362-7650
jrm@johnmonroelaw.com
State Bar No. 516193

## RULE 7.1 CERTIFICATE

I certify that this brief was prepared with one of the font and point selections approved in Rule 5.1(B).

/s/ John R. Monroe
John R. Monroe