**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **SARA CARTER and, GEORGIA CARRY.ORG, INC.,** ) ) ) | |
| **Plaintiffs,** ) | **CIVIL ACTION FILE NO.** |
| ) | |
| v. ) | **1:20-CV-01517-SCJ** |
| ) ) | |
| **BRIAN KEMP, individually and in his official capacity as Governor of The State of Georgia and PINKIE TOOMER, individually and in her official capacity as Judge of the Probate Court of Fulton County, Georgia,** ) ) ) ) ) ) ) ) ) | |
| ) | |
| **Defendants.** ) _____ ) | |

**CORRECTED JUDGE PINKIE TOOMER'S RESPONSE TO PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING ORDER**

A temporary restraining order is designed to maintain the status quo until the Court reaches a decision on the Plaintiffs' application for preliminary injunction. Plaintiffs seek a temporary restraining order "against enforcement of O.C.G.A. §16-11-126 against law-abiding citizens (i.e. those not prohibited from possessing firearms) during the pendency of the current state of emergency." [Doc. 3-1, pg 4].

Plaintiffs, however, do not meet the prerequisites for the granting of a temporary restraining order.

## **FACTS**

Governor Kemp declared a public health state of emergency on March 14, 2020 due to the rapid spread of COVID-19, which prompted the Supreme Court of Georgia to issue a judicial emergency declaration that paused all non-essential judicial functions and proceedings during the state of emergency. (*See* Docs. 1, 3, 12; *see also* Doc. 9, pp. 3-7). The public health state of emergency and judicial emergency declarations are based on the continued transmission of COVID-19 throughout the State of Georgia in an effort to protect the health, safety, and welfare of all Georgia citizens and visitors. (*See* Doc. 9, pp. 3-10).

On March 14, 2020, the Chief Justice of the Supreme Court of Georgia issued an order declaring a judicial state of emergency in the State of Georgia due to the COVID-19 outbreak. (*See* Doc. 26, pg. 10). In his order, the Chief Justice ordered the courts to remain open for "essential functions" only. Processing GWLs is not listed as an "essential service" in the Chief Justice's order. (*See* Doc. 26, pg. 11). In March 2020, the Judicial Qualifications Commission (JQC) issued a statement communicating that any judge who failed to follow the Chief Justice's order could be subject to JQC action. (*See* Doc. 26, pg. 14).

The Council of Probate Judges of Georgia issued a memorandum of advisement in which WCLs are expressly listed as a "non-essential function" of the Probate Court. (Doc 26, pg. 17,) As part of the process required to receive a GWL, the Probate Court is required to conduct a fingerprint and background check on WCL applicants prior to issuing a WCL. (*See* O.C.G.A. 16-11-129). The Probate Judge is responsible for identifying the entity(ies) that are responsible for fingerprinting required for WCLs. (*See* Doc. 26, pg. 7). State law determines what agencies and entities can provide the required fingerprint and background check. (*See* O.C.G.A. 16-11-129).

In light of the Chief Justice's order, statement from the JQC, lack of law enforcement agencies under contract with the Probate Court conducting fingerprinting, and for the health and safety of my staff and the citizens of Fulton County, Judge Toomer determined that the suspension of processing of applications for WCLs, until further notice, was appropriate. (See Doc. 26, pg. 8)

No GWL is required to carry a loaded weapon inside of one's home, automobile, or place of business.  (O.C.G.A. § 16-11-126) No GWL is required to carry an unloaded long gun.  (Id.) No GWL is required to carry an unloaded handgun if the handgun is in a box. (Id.)

Plaintiff Carter alleges that she does not have a GWL, but believes she would qualify for one if the probate court were accepting applications.[1] (Id., p. 5). Plaintiffs allege that without a GWL, Plaintiff Carter could be charged with a misdemeanor pursuant to O.C.G.A. § 16-11-126. (Doc. 1, p. 4). Plaintiffs allege that the state "routinely enforces" O.C.G.A. § 16-11-126, and that they sent a letter to Governor Kemp asking him to suspend enforcement of O.C.G.A. § 16-11-126, but he has failed to do so. (Id., p. 5). Because the Fulton County probate court is not currently accepting applications for GWLs and O.C.G.A. § 16-11-126 prohibits individuals from carrying weapons without a GWL, Plaintiffs contend that they are effectively prevented from bearing arms in violation of the Second and Fourteenth Amendments, as well as state law. (Id., pp. 5-7). In relief, Plaintiffs seek an order enjoining the enforcement of O.C.G.A. § 16-11-126 "during the pendency of this case, or at least until the current state of emergency has abated."

## ARGUMENT AND CITATIONS OF AUTHORITY

The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1231 (11th Cir. 2005) There are four prerequisites for the

---

1 To date, Plaintiffs have not provided any evidence that the Plaintiff would qualify for a GWL.

4

"extraordinary and drastic remedy" of temporary injunctive relief. (Id.) Such relief is "not to be granted unless the movant 'clearly establishe[s] the burden of persuasion' as to the[se] four prerequisites." (Id.) "[T]he four factors to be considered in determining whether a preliminary injunction should be granted are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." (Id. at 1225-26.) Applying these standards, Plaintiffs' motion for TRO should be denied.

### a. Plaintiffs are not likely to succeed on the merits

The TRO should be denied because the Plaintiffs do not have the likelihood of success on the merits. First, the relief sought is not a remedy that can be provided by Defendant Toomer. Defendant Toomer is not in a law enforcement position and has no power to arrest or convict for misdemeanor violations. Additionally, Defendant Toomer has not taken any actions to deprive the Plaintiffs of their 2nd amendment rights. The lack of available law enforcement agencies with agreements with the Probate Court that are still conducting fingerprints makes it impossible for Defendant Toomer to issue GWLs according to Georgia law.

Finally, the Probate Judge, not the Plaintiffs, should retain authority to determine what services are "essential" in the administration of her court.

### b. There is no irreparable injury.

Plaintiff Carter would not be irreparably injured if the TRO is denied. It can be argued that Plaintiff Carter would not be injured at all. Plaintiff Carter is allowed to carry her handgun in her home, vehicle and place of business. O.C.G.A. § 16-11-126. Unlicensed gun owners may carry a long gun anywhere allowed by law or unloaded long gun or handgun in a box. (Id.) Unlicensed gun owners only cannot carry a loaded or concealed weapon in public. During the past two years, the Department of Public Safety (DPS) have only issued fourteen (14) citations, to twelve (12) individuals, for violation of O.C.G.A. § 16-11-126. (*See* Doc. 22-1). None of these citations were issued for solely for not having a GWL (Id.)

Even if the Court finds that Plaintiff Carter will be injured, the injury will not be irreparable. Once the Governor's shelter-in-place order ends, any harm to the plaintiff will end as well.  Finally, Plaintiffs allege a fear of being detained and charged with a misdemeanor if Plaintiffs carries her firearm in public. However, this fear is unfounded as law enforcement officers are not allowed to detain citizens for the purpose of determining if they have a GWL. The fear that Plaintiff alleges is not sufficient enough to show harm.

**c. The threatened injury does not outweigh the harm that a TRO would cause to the non-movant.**

Any speculative harm from being prosecuted for not having a GWL does not outweigh matters of public health. The Plaintiffs' claim is at odds with public health mandates of social distancing and shelter-in-place orders to protect the overall health of Georgia citizens amid this current pandemic. Additionally, Governor Kemp has mandated Georgia citizens to shelter-in-place which diminishes the exigency of obtaining a GWL.

## CONCLUSION

For all of the above reasons, Judge Pinkie Toomer respectfully requests that this Court maintain the status quo and deny Plaintiffs' motion for a temporary restraining order.

Respectfully submitted this 16th day of April, 2020.

**OFFICE OF THE COUNTY ATTORNEY**

**/s/Cheryl Ringer**
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov
Kaye Woodard Burwell
Georgia Bar Number:   775060
kaye.burwell@fultoncountyga.gov
Eugene F. Fuller, Jr.
Georgia Bar No. 511980
Eugene.fuller@fultoncountyga.gov

                                        ATTORNEYS FOR DEFENDANT
                                      JUDGE PINKIE TOOMER

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303

P:\CALitigation\Probate Court\Carter, Sara v. Brian Kemp - 1.20-CV-01517-SCJ -( EF)\Pleadings\4.15.20 RESP to Plaintiffs' Motion for TRO.doc

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **SARA CARTER and, GEORGIA CARRY.ORG, INC.,** ) ) ) | |
| **Plaintiffs,** ) | **CIVIL ACTION FILE NO.** |
| ) | |
| **v.** ) | **1:20-CV-01517-SCJ** |
| ) ) | |
| **BRIAN KEMP, individually and in his official capacity as Governor of The State of Georgia and PINKIE TOOMER, individually and in her official capacity as Judge of the Probate Court of Fulton County, Georgia,** ) ) ) ) ) ) ) ) ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing **FULTON COUNTY JUDGE PINKIE TOOMER'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** with the Clerk of Court using the CM/ECF system, with the Clerk of Court using the CM/ECF system, which will send email notification of such filing to all attorneys of record.

This 16th day of April, 2020.

9

**/s/ Eugene F. Fuller, Jr.**
Georgia Bar Number: 511980
eugene.fuller@fultoncountyga.gov