**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **SARA CARTER and GEORGIACARRY.ORG, INC.,**<br><br>  **Plaintiff,**<br><br>**v.**<br><br>**BRIAN KEMP, individually and in his official capacity as Governor of The State of Georgia, and PINKIE TOOMER, individually and in her official capacity as Judge of The Probate Court of Fulton County, Georgia,**<br><br>  **Defendants.** | **CIVIL ACTION FILE NO.**<br><br> **No. 1:20-CV-1517-SCJ** |

## <u>ORDER</u>

This matter appears before the Court on Defendant Brian Kemp's Motion to Dismiss for Failure to State a Claim (Doc. No. [37]) and Defendant Pinkie Toomer's Motion to Dismiss for Failure to State a Claim (Doc. No. [41]).[1] For the

_____

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers

following reasons, the Court *sua sponte* **DISMISSES** this matter as **MOOT**. Defendant Brian Kemp's Motion to Dismiss for Failure to State a Claim (Doc. No. [37]) and Defendant Pinkie Toomer's Motion to Dismiss for Failure to State a Claim (Doc. No. [41]) are therefore **DENIED** as **MOOT**. The Clerk is **DIRECTED** to **CLOSE THIS CASE**.

## I.   BACKGROUND

In Georgia, individuals wishing to carry firearms beyond the exceptions listed in O.C.G.A. § 16-11-126(a)–(g)[2] must obtain a Georgia Weapons License ("GWL"). O.C.G.A. § 16-11-126(h)(1). Failure to do so constitutes the offense of carrying a weapon without a license. O.C.G.A. § 16-11-126(h)(2). State probate judges are statutorily tasked with processing and issuing GWLs. See O.C.G.A. § 16–11–129(a)(1). The statute requires probate judges to duly investigate each applicant before issuing a GWL to ensure they are qualified. See O.C.G.A. § 16–

---

are those imprinted by the Court's docketing software.

[2] Georgia law does not require a GWL to possess a firearm in one's home, car, or place of business. O.C.G.A. § 16-11-126(a). In addition, unlicensed individuals may also carry in public (1) an unloaded or loaded long gun, provided any loaded long gun is carried openly, or (2) any handgun, provided it is enclosed in a case and unloaded. O.C.G.A. § 16-11-126(b), (c). Any person with a valid hunting or fishing license on his or her person, who is engaged in legal hunting, fishing, or sport shooting may carry a firearm without a GWL, provided the person has the permission of the owner of the land on which the activities are being conducted. O.C.G.A. § 16-11-126(f)(1).

11–129(b), (c). As part of this investigation, "the judge of the probate court shall require the applicant to proceed to an appropriate law enforcement agency in the county or to any vendor approved by the Georgia Bureau of Investigation" to be fingerprinted. O.C.G.A. § 16–11–129(c).

On March 14, 2020, Governor Kemp declared a public health state of emergency due to the rapid spread of COVID-19. See Georgia Exec. Order 03.14.20.01 (March 14, 2020), https://gov.georgia.gov/document/2020-executive-order/03142001/download. The same day, Chief Justice Harold Melton of the Supreme Court of Georgia declared a state of judicial emergency. Doc. No. [28-6]. These declarations were "based on the continued transmission of COVID-19 throughout the State of Georgia in an effort to protect the health, safety, and welfare of all Georgia citizens and visitors." Doc. No. [33], p. 2.

On March 17, 2020, the Council of Probate Court Judges of Georgia ("the Council") issued a memorandum clarifying the effect of Chief Justice Melton's order on the state's probate courts. Doc. No. [26], pp. 16–17. The memorandum explicitly listed the issuance of GWLs as a non-essential function. Id. at 17. The memorandum also noted that Chief Justice Melton's order extended the deadline for renewals of existing GWLs, meaning GWLs set to expire during the pendency

3

of the emergency remain valid until the declaration of emergency is lifted. Id.  In light of the Chief Justice's declaration, the JQC statement, and the Council's memorandum, Defendant Judge Toomer determined that the suspension of processing applications for GWLs, until further notice, was appropriate. Doc. No. [26], p. 8. This decision was also based on a "lack of law enforcement agencies under contract with the Probate Court conducting fingerprinting," as well as "the health and safety of [Judge Toomer's] staff and the citizens of Fulton County." Doc. No. [32], p. 3.

Plaintiffs' Complaint argues that the suspension of processing GWL applications during the pendency of the current emergency violates their Second and Fourteenth Amendment rights. Plaintiffs brought this action against Defendant Judge Toomer individually and in her official capacity as Judge of the Fulton County Probate Court, and against Defendant Governor Kemp individually and in his official capacity as Governor of the state of Georgia.[3]

---

[3] Plaintiffs amended their Complaint to clarify that, to the extent they pled claims for injunctive and declaratory relief against Governor Kemp in his *individual* capacity, this was error. Doc. No. [23], p. 1. Thus, they amended their Complaint by "restating the complaint in its entirety, but amending paragraphs 51 and 52 to seek declaratory and injunctive relief against Kemp in his *official* capacity." Id. (emphasis in original). The Complaint still seeks "[c]osts and attorney's fees against Toomer and Kemp in their individual capacities pursuant to 42 U.S.C. § 1988." Doc. No. [1], p. 8, ¶ 53.

Plaintiffs' Complaint seeks (1) "a writ of mandamus under O.C.G.A. § 16-11-129 ordering [Judge] Toomer in her official capacity to accept and process [Plaintiff] Carter's application for a GWL and to issue [Plaintiff] Carter a GWL within the time required by law," (2) a "declaration against [Judge] Toomer in her individual capacity that she may not refuse to accept and process GWL applications as required by O.C.G.A. § 16-11-129," (3) costs and attorney's fees against Judge Toomer "in her official capacity pursuant to O.C.G.A. § 16-11-129(j)," (4) a declaration against Governor Kemp "that the enforcement of O.C.G.A. § 16-11-126 is unconstitutional as applied to him because it violates the right to due process and the right to keep and bear arms if it is not reasonably possible to obtain a GWL," (5) injunction against Governor Kemp prohibiting enforcement of O.C.G.A. § 16-11-126 if it is not reasonably possible to obtain a GWL," and (6) costs and attorney's fees against Judge Toomer and Governor Kemp "in their individual capacities pursuant to 42 U.S.C. § 1988." Doc. No. [1], pp. 7–8, ¶¶ 48–53.

Plaintiffs also sought an emergency order enjoining enforcement of O.C.G.A. § 16-11-126 during the pendency of this case, or at least until the state of emergency abated. Doc. No. [3-1], p. 1. The Court denied Plaintiffs' requested

TRO on April 20, 2020, finding (1) Plaintiffs lacked standing to pursue their claims against Governor Kemp, (2) Counts I and II of Plaintiffs' Complaint were barred by the Eleventh Amendment, and (3) Plaintiffs had not established entitlement to a TRO. See Doc. No. [35].

Defendants filed their Motions to Dismiss in May of 2020. In the intervening months, however, Fulton County resumed processing GWL applications. See Fulton County, "Weapons Carry Licenses," https://www.fultoncountyga.gov/services/licenses-and-certificates/weapons-carry-licenses (last visited February 22, 2021) (stating that "[a]ll locations will resume the acceptance of Weapons Carry License Applications and Applications for Renewal of Weapons Carry Licenses on July 1, 2020"). Furthermore, Defendant Toomer has since retired, and is no longer Judge of the Fulton County Probate Court. Plaintiffs have not moved to replace Defendant Toomer with her successor, Judge Kenya Johnson.

## II.   **LEGAL STANDARD**

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). "Because the judiciary is unelected and unrepresentative, the Article III

6

case-or-controversy limitation, as embodied in justiciability doctrine, presents an important restriction on the power of the federal courts." Socialist Workers Party v. Leahy, 145 F.3d 1240, 1244 (11th Cir. 1998). Thus, there must be a "present, live controversy in order to 'avoid advisory opinions on abstract propositions of law.'" Church of Scientology Flag Serv. Org., Inc. v. City of, 777 F.2d 598, 604 (11th Cir. 1985) (quoting Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Los Angeles Cty. v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

"Plainly, if a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004); see also Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam) ("[M]ootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." (internal quotation marks and citations omitted)); Socialist Workers Party, 145 F.3d at 1244. Further, "because the question of mootness is jurisdictional in nature, it may be raised by the court

7

*sua sponte* . . . ." <u>United States v. Hilario-Cana</u>, 779 F. App'x 700 (11th Cir. 2019) (quoting <u>Nat'l Advert. Co. v. City of Miami</u>, 402 F.3d 1329, 1331–32 (11th Cir. 2005)).

## III.   **ANALYSIS**

"Generally, a challenge to the constitutionality of a statute is mooted by repeal of the statute." <u>Coral Springs St. Sys.</u>, 371 F.3d at 1329. In <u>Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta</u>, the Eleventh Circuit held that "when an ordinance is repealed by the enactment of a superseding statute, then the 'superseding statute or regulation moots a case only to the extent that it removes challenged features of the prior law.'" 219 F.3d at 1310 (quoting <u>Naturist Soc'y, Inc. v. Fillyaw</u>, 958 F.2d 1515, 1520 (11th Cir. 1992)). The Supreme Court has frequently held that the repeal of or amendment to challenged legislation rendered moot a plaintiff's request for injunctive relief. <u>See, e.g.</u>, <u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 472, 474 (1990) (holding that a Commerce Clause-based challenge to Florida banking statutes was rendered moot by amendments to the law); <u>Massachusetts v. Oakes</u>, 491 U.S. 576, 582–83 (1989) (holding that an overbreadth challenge to a child pornography law was rendered moot by amendment to the statute); <u>Princeton Univ. v. Schmid</u>, 455 U.S. 100, 103 (1982)

8

(per curiam) (holding that the challenge to a university regulation was moot because the regulation had been substantially amended); <u>Kremens v. Bartley</u>, 431 U.S. 119, 128–29 (1977) (holding moot a constitutional challenge to a state statute governing the involuntary commitment of mentally ill minors, because the law had been replaced with a different statute); <u>Diffenderfer v. Cent. Baptist Church, Inc.</u>, 404 U.S. 412, 415 (1972) (holding moot a challenge to a Florida tax exemption for church property when the law had been repealed).

It is true that this matter does not involve repeal or amendment of a statute. However, Plaintiffs never challenged the constitutionality of Georgia's GWL licensing scheme itself. The crux of Plaintiffs' Complaint is that enforcement of O.C.G.A. § 16-11-126 is unconstitutional *only* while it is "impossibl[e] to obtain a GWL . . . ." Doc. No. [1], p. 6, ¶ 43. Because GWL processing has resumed, O.C.G.A. § 16-11-126 can no longer be unconstitutional as applied—the conditions which allegedly gave rise to unconstitutional enforcement no longer exist. Thus, Plaintiffs' request for a declaratory judgment that O.C.G.A. § 16-11-126 is unconstitutional as applied is moot.[4] Their request for an injunction

---

[4] An as-applied challenge to a repealed statute may survive to the extent it seeks damages for the plaintiff's injury caused by the old version of the statute. <u>See</u> <u>Stardust,</u>

requiring the Governor to suspend his enforcement of O.C.G.A. § 16-11-126 while GWLs are not being processed is moot as well.

Plaintiffs' claims against Defendant Toomer are also moot. Their claims against her in her individual capacity are moot, as she is no longer the Probate Judge for Fulton County. Nor does replacing Defendant Toomer with her successor under Federal Rule of Civil Procedure 25(d) cure the mootness issue. The relief sought, a writ of mandamus ordering the Probate Judge in her official capacity to accept and process Plaintiff Carter's GWL application, became moot when Fulton County resumed processing GWLs.

It is true that voluntary cessation of a challenged practice alone does not render a case moot. See Davis, 440 U.S. at 631; Jews for Jesus, Inc. v. Hillsborough County Aviation Authority, 162 F.3d 627, 629 (11th Cir. 1998). Rather, a challenge becomes moot if (1) the challenged policy was repealed by the governmental authority and there is no reasonable expectation that the governmental authority

---

3007 LLC v. City of Brookhaven, Georgia, No. 1:14-CV-03534-ELR, 2016 WL 11544441, at *18 (N.D. Ga. Sept. 29, 2016), aff'd sub nom. Stardust, 3007 LLC v. City of Brookhaven, 899 F.3d 1164 (11th Cir. 2018) (holding the plaintiff's as-applied challenge for damages for the denial of a sign permit under a later-repealed ordinance was not moot, although the facial challenge was moot). However, Plaintiffs do not seek damages in this case, and otherwise lack the kind of injury-in-fact demonstrated by the plaintiff in Stardust.

10

would return to the prior policy and (2) interim relief or events "have completely and irrevocably eradicated the effects of the alleged violation." Davis, 440 U.S. at 631; see also Jews for Jesus, 162 F.3d at 629.

In this case, the Court has no reason to believe Fulton County will stop processing GWL applications again, and its resumption of processing has eradicated the effects of the alleged violation. Indeed, Fulton County resumed processing GWLs in July of 2020, and has not stopped processing them in the intervening months, despite numerous spikes in COVID-19 cases. On the record, it is reasonable to conclude that the challenges of the unprecedented global pandemic required that courts pause normal functions to ascertain safe ways to carry out their duties. See Doc. No. [41-1], p. 5 (stating Judge Toomer "determined that the suspension of the processing of applications for GWLs" was "necessary and appropriate" to protect "the health and safety of staff and the citizens of Fulton County"). Once they were able to do so, they resumed as many operations as possible with safety measures in place, despite the continued state of emergency. See Eleventh Order Extending Declaration of Statewide Judicial Emergency (Feb. 7, 2021), https://www.gasupreme.us/wp-content/uploads/2021/02/11th-SJEO_as-issued.pdf ("Courts in Georgia have

continued to perform essential functions despite the pandemic. Courts have also greatly expanded the use of remote proceedings and have resumed limited in-person proceedings that can be conducted safely.").

Because the conditions giving rise to Plaintiffs' Complaint no longer exist, to grant Plaintiffs the requested declaratory judgments, this Court would have to engage in a purely hypothetical or academic exercise. Article III plainly prohibits such impermissible advisory opinions. See Ashcroft v. Mattis, 431 U.S. 171, 172 (1977) ("For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.").

12

IV.   <u>CONCLUSION</u>

This case no longer presents a case or controversy, and the Court therefore lacks jurisdiction to hear it. Thus, the Court *sua sponte* **DISMISSES** this matter as **MOOT**. Defendant Brian Kemp's Motion to Dismiss for Failure to State a Claim (Doc. No. [37]) and Defendant Pinkie Toomer's Motion to Dismiss for Failure to State a Claim (Doc. No. [41]) are therefore **DENIED** as **MOOT**. The Clerk is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED** this __23rd___ day of February, 2021.


 s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

13